

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 15, 1993

David R. Smith, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-263

Re: Whether House Bill 241, Acts 1993, 73d Leg., ch. 251, prohibits the Texas Department of Health from requiring an examination for recertification of emergency medical service personnel (RQ-580)

Dear Dr. Smith:

You ask whether House Bill 241, Acts 1993, 73d Leg., ch. 251 (effective May 23, 1993), prohibits the Texas Department of Health (the "department") from requiring an examination for recertification of Emergency Medical Service ("EMS") personnel. The licensing and certification of EMS personnel is governed by subchapter C of chapter 773 of the Health and Safety Code. Prior to the enactment of H.B. 241, section 773.050(b) required the Texas Board of Health (the "board") to establish minimum standards for, among other things, "emergency medical services personnel certification and performance, including certification, decertification, recertification, suspension, emergency suspension, and probation." Health & Safety Code § 773.050(b)(2). Section 773.055 provided for fees to accompany each application for examination for EMS personnel certification, including examinations for recertification.

As originally introduced, H.B. 241 deleted the board's authority to establish minimum standards for EMS recertification from section 773.050(b)(2), and omitted all references to recertification examinations in section 773.055. It also repealed section 773.059 which imposed "a fee of $25 in addition to the examination fee" on persons applying for recertification after the expiration of his or her certificate.

The house committee substitute bill, recommended by the House Committee on Public Health on March 19, 1993, did not affect section 773.050. It amended section 773.055 to delete references to recertification examinations and to provide for fees for recertification, and amended section 773.059(a) to omit any reference to an examination fee. The bill analysis for the house committee substitute bill states that H.B. 241 "would remove the requirement of an examination from the recertification process." House Comm. on Public Health, Bill Analysis, H.B. 241, 73d Leg. (1993). In comparing H.B. 241 and the house committee substitute, the bill analysis states, "HB 241 deleted authorization for the Department of Health to collect a $75 fee for recertification of EMS personnel. CSHB 241 authorizes the Department of Health to collect the fee." *Id.* at 2.

H.B. 241 was considered by the Senate Health and Human Services Committee on May 4, 1993. Senator Zaffirini, the senate sponsor, moved to amend the bill and to adopt a new senate committee substitute bill, which was identical to the prior version of H.B. 241, with the exception that it added the following provision to section 773.050(b):

> The board by rule shall establish minimum standards for:
>
> . . . .
>
> > (4) continuing education programs and examinations of emergency medical services personnel.

The Senate Research Center bill analysis states that the senate committee substitute "removes the requirement of an examination from the recertification process of emergency medical services personnel." Senate Health and Human Services Comm., Bill Analysis, C.S.H.B. 241, Senate Research Center, May 7, 1993. The senate committee substitute bill was enacted without any subsequent amendments.

There now appears to be some dispute regarding whether H.B. 241, particularly the provision added by the senate committee substitute, authorizes the department to require an examination for recertification of EMS personnel. Because it deletes references to mandatory recertification examinations and does not expressly provide that the department is permitted to require a recertification examination, but provides that the department "shall establish minimum standards for . . . continuing education programs and examinations of emergency medical services personnel," H.B. 241 on its face is ambiguous. The Code Construction Act provides in part that "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the: (1) object sought to be attained; (2) circumstances under which the statute was enacted; [and] (3) legislative history . . . ." Gov't Code § 311.023.

Prior to the enactment of H.B. 241, chapter 773 of the Health and Safety Code mandated the department to impose an examination for recertification of EMS personnel. As originally introduced, H.B. 241 would have prohibited the department from doing so. Although the Senate Research Center bill analysis is as ambiguous as the senate committee substitute bill, it is apparent from the testimony of the many witnesses who testified before the Senate Health and Human Services Committee that the senate committee substitute bill was a compromise that was intended to authorize, but not mandate, the department to require an examination for recertification. The representative for the Texas Ambulance Association, for example, testified that

> We have agreed to an amendment which does exactly what we all wanted the legislation to do. And that was to remove the requirement of the examination by statute and to place it back to the Board of Health to adopt rules relating to certification, recertification of EMS personnel and that process may very well include an exam.

Hearings on H.B. 241 Before the Senate Comm. on Health and Human Serv., 73d Leg. (May 4, 1993) (transcript available from Senate Staff Services). The department's general counsel also testified about the amendment, stating that "there was some concern that by moving the mandatory testing requirement that's currently in the statute that [the prior version of the bill] could be construed as legislative intent, that there could be no testing for recertification." *Id.* at 2. Although she mistakenly asserted that the intent of the prior version of the bill "was to give the authority to the Board of Health to determine when testing was appropriate for recertification," *id.*, it is also clear from her testimony that the purpose of the senate committee substitute was to prevent the bill from being construed "to bar the Board of Health from putting in [a] test if it was appropriate," *id.* She further stated: "[R]ight now there is a required retest in all [EMS personnel] categories [but] it may be determined down the line that perhaps retesting is not appropriate for every level, or perhaps that testing could be accomplished in a different venue[,] perhaps through a more rigorous continuing education program. So this we felt would be a way to ensure that we have the option for retesting . . . and that's clearly stated in the law." *Id.*

Other witnesses' testimony also suggested that the purpose of the amendment was to give the department the discretion to decide whether to require an examination for the recertification of EMS personnel. The representative of the EMS Advisory Council stated that the bill

> as it was written had raised some concerns for us in that it appeared that the intent of the law [w]as to eliminate all recertification testing and we felt like that was a premature move that needed to be examined carefully . . . . [T]his language does I think leave the decisions . . . at the level where they should be and that is [with] the advisory counsel [sic] and the Board of Health . . . [I] hope that . . . their judgment and wisdom will . . . prevail as to when it's appropriate for the testing to be modified or changed.

*Id.* at 5. Similarly, the representative of the Texas College of Emergency Physicians testified that the purpose of the amendment was to "move this issue back to the Texas Department of Health and the Texas Emergency Services Advisory Committee." *Id.* at 7.

Based on the foregoing testimony, we believe that the intent of the senate committee substitute was to authorize, but not mandate, the department to require an examination for recertification of EMS personnel. Because the purpose of the senate committee substitute was to provide the department with the discretionary authority to require an examination for recertification, we conclude that H.B. 241 does not prohibit the department from exercising such authority.

Finally, we also note that it has been suggested that H.B. 241 is unconstitutional under article III, section 30 of the Texas Constitution because the bill as passed does not completely eliminate the department's authority to require an examination for recertification of EMS personnel as its author intended. That constitutional provision provides in pertinent part that "no bill shall be so amended in its passage through either

House, as to change its original purpose." Tex. Const. art III, § 30. We do not believe that a court would conclude that H.B. 241 runs afoul of this prohibition.

First, a court might conclude that the intent of the senate committee substitute, to give the department the discretionary authority to require an examination for recertification, in addition to removing the mandatory requirement, was not inconsistent with the bill's original purpose. More importantly, even if a court were to conclude that the intent of the senate committee substitute was completely contrary to the original intent of H.B. 241, it is well-established that courts will not "go behind [a] bill, signed, enrolled, and approved by the governor, to inquire into the changes which it underwent while passing the legislature." *Houston & T.C. R.R. Co. v. Stuart*, 48 S.W. 799, 804 (Tex. Civ. App. 1898), *rev'd on other grounds*, 50 S.W. 333 (Tex. 1899) (citing cases). As one court stated in response to a challenge to legislation under article III, section 30:

> If a change in the original purpose of the legislation were made to appear, it was shown only by evidence aliunde the enrolled bill filed with the Secretary of State, and the rule is settled in this State that its validity cannot be so impeached.

*James v. Gulf Ins. Co.*, 179 S.W.2d 397, 402 (Tex. Civ. App.--Austin 1944), *rev'd on other grounds*, 185 S.W.2d 966 (Tex. 1945) (citing cases). A commentator has explained that article III, section 30, "is not enforceable by the courts because the enrolled bill doctrine shields its noncompliance from judicial review."[1] 1 D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 162 (1977) (citations omitted). For this reason, we do not believe that a court would conclude that H.B. 241 violates article III, section 30 of the Texas Constitution.

## S U M M A R Y

House Bill 241, Acts 1993, 73d Leg., ch. 251, does not prohibit the Texas Department of Health from requiring an examination for recertification of emergency medical service personnel.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[1]The commentator goes on to note that "[a] nongermane amendment to a bill is subject to point of order objection, however, and the rules of both houses contain several pages digesting rulings on this slippery question." 1 D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 162 (1977) (citations omitted).

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General